Carlos A. De La Paz, Esq. (Bar No. 290166)
**Rostam Law, Inc.**
2204 Garnet Ave., Suite 303
San Diego, CA 92109
Telephone: (213) 612-7776
Facsimile (858) 605-0753
Email: cdelapaz@rostamlaw.com

Attorneys for Plaintiff,
Hip Hop Beverage Corporation

*Additional counsel listed in signature blocks*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIP HOP BEVERAGE CORPORATION, a Nevada corporation<br><br>    Plaintiff,<br><br>    v.<br><br>EURPAC SERVICE INCORPORATED, a Connecticut corporation d/b/a Mid Valley Products, et al.,<br><br>    Defendants. | CASE NO.: CV 14-2049-JFW (AJWx)<br><br>STIPULATED PROTECTIVE ORDER<br><br>Hon. John F. Walter, presiding |

1. GOOD CAUSE STATEMENT

The parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Protective Order" or "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that the terms of this Stipulated Protective Order do not affect the admissibility of evidence at trial or the exclusion of evidence at trial from the public record. Parties agree to cooperate to request that the Court prevent the unnecessary public disclosure during trial of information protected by this Protective Order.

This Protective Order is issued to assist in the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to protect and ensure the confidential treatment of information, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial. Good cause for the entry of the Protective Order exists because the parties contemplate disclosure of sensitive financial information and other confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than for prosecuting, defending, or attempting to settle this litigation would be warranted. Disclosure of such information without the protections afforded by this Protective Order will result in prejudice and harm to the parties, reduce the parties' ability to conduct business in a competitive fashion and/or will result in an invasion of privacy.

2. DEFINITIONS

    2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored, or maintained) or tangible things produced by the Designating Party and that the Designating Party believes in good faith constitutes sensitive financial or non-public business information, including without limitation non-public contracts, trade secrets, and related proprietary, non-public materials.

2.4 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 <u>Counsel</u>: attorneys who are retained to represent or advise a Party in this action. Unless otherwise expressly approved through stipulation or order, Counsel shall include the partners, associates, and their support staff appearing on behalf of the parties to this litigation.

2.9 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.10 <u>Professional Vendors</u>: persons or entities that provide litigation

support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

///

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

   5.2  <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

   (a) for documents (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony will have a right to have up to ten court days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the ten days shall be covered by the provisions of this Stipulated Protective Order. During the ten days, the entire contents of the transcript shall be treated as "CONFIDENTIAL." Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the bottom of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

   (c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3     <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation.

6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must meet and confer in accordance with Local Rule 37-1.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party and complying with Local Rule 37, may file and serve a motion under the local rules that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the

level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated CONFIDENTIAL only to:

(a) the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

(Exhibit A) or who have agreed to be bound by the terms of this Order on the record.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(g) the author of the document or the original source of the information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing and by electronic mail, if possible immediately and in no event more than five court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the " Agreement to Be Bound by Protective Order" (Exhibit A).

10.  FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any material designated "CONFIDENTIAL."  A Party that wishes to file any material designated as "CONFIDENTIAL" in any public record, including court records, must do so under seal in accordance with the local rules.  This includes filing an application to file under seal with the Court.  Such application must show good cause* for the under seal filing request.  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

Nothing in this Order shall prevent a Party or its attorney from using any Protected Material: (i) at a deposition of the Producing Party; (ii) at a hearing; (iii) to prepare for and conduct discovery in this action; (iv) to support or oppose any motion made in this action; (v) to prepare for trial; (vi) during trial; or (vii) during any appeal.  Under these circumstances, the use of Protected Material shall be subject to the Federal Rules of Evidence,  the Federal Rules of Civil Procedure, this District's Local Rules, and the Standing Orders of this Court.  The parties will cooperate in approaching the Court for the purpose of sealing proceedings if necessary to prevent the public disclosure of Protected Materials.

*In some instances, the proper standard will be "compelling reasons" rather than merely "good cause." See Pintos v. Pac

   Creditors Ass'n, 605 F.3d 665, 667-669 (9th Cir. 2010).

11. **FINAL DISPOSITION**.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. **MISCELLANEOUS**

    12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order, and the parties expressly reserve their rights to challenge the production of any information or item on any proper grounds,

regardless of whether the information or item is the type mentioned in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      12.3  <u>Retroactive Application</u>. This Protective Order shall apply retroactively to any Disclosure or Discovery Material produced prior to entry of the Order and designated as "CONFIDENTIAL."

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 18, 2014         ROSTAM LAW, INC.

                                    By  */s/Carlos A. De La Paz*
                                          Carlos A. De La Paz
                                          Attorneys for Plaintiff,
                                          Hip Hop Beverage Corporation

DATED: September 18, 2014         TREDWAY, LUMSDAINE & DOYLE, LLP

                                    By  */s/Michael A. Hellbusch*
                                          Roy J. Jimenez
                                          Michael A. Hellbusch,
                                          Attorneys for Defendant,
                                          Eurpac Service Incorporated, dba Mid Valley Products

It is SO ORDERED.

Date: 9/30/2014

                                          ANDREW J. WISTRICH
                                          United States Magistrate Judge

## EXHIBIT A

### Agreement to Be Bound by Protective Order

  I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive, or received, Confidential Information or Items supplied in connection with the *Hip Hop Beverage Corporation v. Eurpac Service Incorporated, d/b/a Mid Valley Products, et al.* (United States District Court for the Central District of California Case No. CV-14-2049-JFW (AJWx)).  I certify that I understand that the Confidential Information or Items are provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in this case.  I have been given a copy of the Stipulated Protective Order; I have read it, and I agree to be bound by its terms.

  I understand that Confidential Information or Items, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone except as expressly permitted by the Stipulated Protective Order. I will not copy or use, except solely for the purposes of this case, any Confidential Information or Items obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the case.

  I further understand that I am to retain all copies of all Confidential Information or Items provided to me in the case in a secure manner and that all copies of such Confidential Information or Items are to remain in my personal custody until termination of my participation in this case, whereupon the copies of such Confidential Information or Items will be returned to counsel who provided me with such Confidential Information or Items.

  I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

_____     _____
Signature                          Address
_____     _____
Title                                City, State, Zip
                                      _____
                                      Telephone Number